Marc D. Fink (MN Bar No. 343407)
Center for Biological Diversity
209 East 7th Street
Duluth, Minnesota 55805
Phone: 218-464-0539
Email: mfink@biologicaldiversity.org

Allison N. Melton (CO Bar No. 45088)
Center for Biological Diversity
128 Cascadilla St./#3024
Crested Butte, CO 81224
Phone: 970-309-2008
Email: amelton@biologicaldiversity.org

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**TUCSON DIVISION**

| | |
|---|---|
| Center for Biological Diversity,<br><br>     Plaintiff,<br><br>     v.<br><br>U.S. Fish and Wildlife Service, and U.S. Forest Service,<br><br>     Federal Defendants,<br><br>   and<br><br>Rosemont Copper Company,<br><br>     Applicant-in-Intervention. | Case No.: CV-17-00475-TUC-JAS<br><br>**JOINT RULE 16 REPORT** |

Pursuant to the Court's Orders of October 27, 2017 (Dkt. No. 9) and November 14, 2017 (Dkt. No. 16), the parties hereby provide this Joint Rule 16 Report. Counsel for the parties conferred by phone on December 6, 2017. Counsel for Rosemont Copper Company ("Rosemont"), which has a motion to intervene as a defendant pending before the Court, also participated.

1. Federal Defendant U.S. Fish and Wildlife Service ("FWS") issued the Final Biological and Conference Opinion for the Rosemont Copper Mine on October 30, 2013 ("2013 Biological Opinion"); and issued the Amended Final Reinitiated Biological and Conference Opinion for the Rosemont Copper Mine on April 28, 2016 ("2016 Biological Opinion"). In the 2013 and 2016 Biological Opinions, FWS analyzed the impacts of the proposed Rosemont Copper Mine on threatened and endangered species and designated critical habitat, including the jaguar, ocelot, Gila chub, Gila topminnow, desert pupfish, Chiricahua leopard frog, northern Mexican gartersnake, southwestern willow flycatcher, and western yellow-billed cuckoo, pursuant to Section 7(a)(2) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536(a)(2). FWS determined that the Rosemont Mine project would not jeopardize any of these listed species or result in the destruction or adverse modification of designated critical habitat for any listed species. Plaintiff Center for Biological Diversity's ("the Center's") first claim challenges the 2016 Biological Opinion, as well as the October 30, 2013 Biological Opinion to the extent FWS relies on or incorporates it by reference in the 2016 Biological Opinion, pursuant to the ESA and Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.* The Center's allegations include that FWS failed to consider all relevant factors, inappropriately relied on conservation measures, applied unlawful standards, failed to provide a reasoned explanation for its change in position, legal flaws with the incidental take statement, and the failure to use the best scientific data available. Dkt. No. 1 at 27-28.

In June 2017, Federal Defendant U.S. Forest Service ("Forest Service") issued the Record of Decision for the Rosemont Copper Mine Project ("2017 Record of Decision"). Within the 2017 Record of Decision, the Forest Service cites to and relies on the 2016 Biological Opinion in concluding that the Rosemont Mine project meets the requirements of the ESA. The Center's second claim challenges the Forest Service's reliance on the 2016 Biological Opinion in issuing the 2017 Record of Decision, pursuant to Section 7(a)(2) of the ESA. 16 U.S.C. § 1536(a)(2).

On February 11, 2016, Federal Defendant FWS and the National Marine Fisheries Service promulgated a final rule revising the regulatory definition of "destruction or adverse modification" of critical habitat under the ESA. 81 Fed. Reg. 7214 (Feb. 11, 2016). FWS relied on the revised definition of "destruction or adverse modification" in making its critical habitat determinations in the 2016 Biological Opinion. The Center's third claim challenges FWS' issuance and approval of the revised regulation, pursuant to the ESA, 16 U.S.C. §§ 1532, 1536, and the APA, 5 U.S.C. § 706.

The endangered jaguar has critical habitat designated within the action area, which by definition is essential to the conservation of the species. 16 U.S.C. § 1532(5). FWS can revise a critical habitat designation under Section 4 of the ESA. 16 U.S.C. §§ 1533(a)(3)(A)(ii) & (b). The Center's fourth claim alleges that by authorizing construction of the Rosemont Mine within the designated critical habitat for the jaguar, FWS has implicitly revised the jaguar critical habitat designation so as to effectively exclude this area from the designation without complying with the requirements of Section 4 of the ESA. *Id*.

Federal Defendants contend that the Center's claims fail on the merits. Forest Service and FWS biologists and other experts conducted detailed analyses, over the course of many years, on the potential impacts of the Rosemont Mine project on

threatened and endangered species and their habitat.  FWS' 2013 and 2016 Biological Opinions, each hundreds of pages long, are the results of the agencies' extensive consultations pursuant to Section 7 of the ESA, and these Biological Opinions are based on the best available scientific information and address all of the adverse effects on the species identified in the Center's Complaint.  While the Center may disagree with FWS' methodologies, analyses, and determinations, the Center cannot establish that FWS acted arbitrarily and capriciously or in contravention of the ESA, as is the Center's burden under the deferential judicial review provisions of the APA, 5 U.S.C. § 706.  Nor can the Center establish that the Forest Service acted arbitrarily and capriciously in relying on FWS' Biological Opinions.  The Center's first, second, and fourth claims are therefore without merit.  The Center's third claim is without merit because FWS revised the regulatory definition of "destruction or adverse modification" of critical habitat and the revision is consistent with the provisions of the ESA.

Applicant-in-Intervention Rosemont's proposed answer, which has been lodged with the Court in connection with its motion to intervene, contains a crossclaim against FWS.  The proposed crossclaim challenges the 2014 designation of critical habitat for the jaguar.  *See* Designation of Critical Habitat for Jaguar; Final Rule, 79 Fed. Reg. 12,572–12,654 (March 14, 2014) (codified at 50 C.F.R. § 17.96).  The designated critical habitat includes the land in the northern Santa Rita Mountains where Rosemont's mining project is located.  Rosemont alleges that this land is not essential to the conservation (i.e., recovery) of the jaguar species, which has an extensive range that extends from northwestern Mexico south through Central America and much of South America.  Rosemont also alleges that this land does not contain physical or biological features that are essential to the conservation of the species.  Therefore, Rosemont's proposed crossclaim alleges that this land was not eligible to be designated as critical habitat under the ESA.  16 U.S.C. § 1532(5)(A).

If Rosemont's intervention is granted and its crossclaims allowed, the Center intends to move to intervene on Rosemont's crossclaims. In addition to any procedural defenses, the Center alleges that the Administrative Record supports that the jaguar's range extends into Arizona and New Mexico, and that the critical habitat designated in Arizona and New Mexico is both essential to the conservation of the jaguar and contains the physical and biological features that are essential to the conservation of the species.

2. The Center's claims challenge decisions by two federal agencies, FWS and the Forest Service; and the parties agree that judicial review in this case is based on the Administrative Record before the agencies for each challenged decision. Consequently, Federal Defendants will be lodging with the Court and serving on the other parties the Administrative Records for the challenged agency decisions. The parties agree that there should be no material facts in dispute, and that the claims in this case can be resolved on the basis of the Administrative Records.[1]

The legal issues in dispute are (1) whether FWS violated the ESA and APA in preparing and issuing the 2013 Biological Opinion and 2016 Biological Opinion; (2) whether the Forest Service violated the ESA in issuing the 2017 Record of Decision; (3) whether FWS violated the ESA and APA in revising the regulatory definition of "destruction or adverse modification;" and (4) whether FWS revised the jaguar critical habitat designation without complying with the requirements of Section 4 of the ESA. 16 U.S.C. § 1533.

The primary legal issue raised by Rosemont's proposed crossclaim against FWS concerns whether the critical habitat designated for the jaguar in the northern Santa Rita Mountains, including a portion of Rosemont's project site, meets the definition of critical

---

[1] The Center and Rosemont reserve the right to file a motion to complete and/or supplement the Administrative Records after they have the opportunity to review the records.

habitat in the Endangered Species Act, 16 U.S.C. § 1532(5)(A), and is essential to the conservation (i.e., recovery) of the jaguar species. Rosemont requests that the Court set aside the designation of critical habitat in the northern Santa Rita Mountains and seeks related relief to protect its property and interests. No monetary damages or similar relief is sought by Rosemont. Like the Center's claims, Rosemont's proposed crossclaim challenges a final agency action, and judicial review is limited to the Administrative Record before FWS.

3. The Center alleges that the Court has jurisdiction over the claims in this case pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1346; 5 U.S.C. §§ 551 *et seq.*; and/or the ESA citizen suit provision, 16 U.S.C. § 1540(g), because this action involves the United States as a defendant and arises under the laws of the United States, including the ESA, 16 U.S.C. §§ 1531 *et seq.*, and the APA, 5 U.S.C. §§ 551 *et seq*.

Rosemont alleges that the Court has jurisdiction over its proposed crossclaim pursuant to 28 U.S.C. §§ 1331 (federal question), 1346 (United States as defendant), and 2201 (declaratory judgment), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–06.

4. Rosemont has moved to intervene as a defendant, and a ruling on its motion is pending before the Court.

5. There are no parties not subject to the Court's jurisdiction.

6. The parties agree that this case should be resolved on cross motions for summary judgment.

7. This case is not suitable for reference to a Master, and the parties do not consent to a trial before a United States Magistrate Judge.

8. On November 27, 2017, a case was filed in this Court challenging the Forest Service's approval of the Rosemont Copper Mine under a number of

Case 4:17-cv-00475-JAS   Document 29   Filed 12/12/17   Page 7 of 11

environmental statutes and regulations. *Save the Scenic Santa Ritas, et al., v. United States Forest Service*, *et al.*, 4:17-cv-576-RCC.  The Plaintiffs are Save the Scenic Ritas, Arizona Mining Reform Coalition, Center for Biological Diversity, and Grand Canyon Chapter of the Sierra Club.  The Defendants are the Forest Service; Kerwin S. Dewberry, Supervisor of the Coronado National Forest; Calvin Joyner, Regional Forester; and United States of America.  The case was assigned to the Honorable Chief Judge Raner C. Collins.

In addition, two lawsuits are pending in the United States District Court for the Southern District of Alabama in which the 2016 final rule revising the regulatory definition of "destruction or adverse modification" of critical habitat under the ESA, 81 Fed. Reg. 7214 (Feb. 11, 2016), is being challenged.  *State of Alabama, et al. v. National Marine Fisheries Service, et al.*, 1:16-cv-593-CG-MU (filed Nov. 11, 2016); *Utility Water Act Group, et al. v. National Marine Fisheries Service*, 1:17-cv-206-CG-N (filed May, 11, 2017).  FWS is a party to those suits.  The Center's Third Claim for Relief challenges the same agency rule at issue in these cases.

9. The parties agree that the Initial Disclosure requirements are not applicable pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(i), and/or should be waived because Federal Defendants will be lodging with the Court the Administrative Records for each challenged agency decision, and no discovery will be conducted in this case.

10. The parties agree that no discovery will be conducted in this case.

11. Proposed deadlines:

    a. Lodging the Administrative Records:  Federal Defendants will lodge with the Court, on thumb drives, DVDs, and/or CDs in pdf format, the Administrative Records for the federal agency decisions challenged in the Center's first, second, and fourth claims, and Rosemont's crossclaim

(if it is allowed by the Court) on or before February 28, 2018. Federal Defendants will lodge with the Court, on thumb drives, DVDs, or CDs in pdf format, the Administrative Record for the federal agency decision challenged in the Center's third claim on or before March 28, 2018.

b. Any motions to complete and/or supplement the Administrative Records will be filed within 45 days following the due dates for the lodging of each Administrative Record.

c. If no party files a motion to complete and/or supplement the Administrative Records, the briefing schedule for cross-motions on summary judgment (including all accompanying documents) should be as follows:

   i. the Center's motion for summary judgment: May 11, 2018;
   ii. Federal Defendants' and Rosemont's cross-motions for summary judgment and responses to the Center's motion for summary judgment: June 29, 2018;
   iii. the Center's response to Federal Defendants' and Rosemont's cross-motions for summary judgment and reply in support of the Center's motion for summary judgment: July 27, 2018;
   iv. Federal Defendants' and Rosemont's replies in support of cross-motions for summary judgment: August 24, 2018.

d. Briefing on Rosemont's crossclaim (if it is allowed by the Court) should be as follows:

   i. Rosemont's motion of summary judgment: June 8, 2018;

    ii. Federal Defendants' and the Center's cross-motions for summary judgment and responses to Rosemont's motion of summary judgment:   July 27, 2018;

    iii. Rosemont's response to Federal Defendants' and the Center's cross-motions for summary judgment and reply:  September 7, 2018;

    iv. Federal Defendants' and the Center's replies in support of their cross-motions for summary judgment:  September 28, 2018.

  e. If any motions to complete and/or supplement the Administrative Records are filed, the parties will confer as soon as all motions are resolved to propose a briefing schedule for cross motions on summary judgment.  However, briefing on Rosemont's motion for summary judgment will not be delayed if the Administrative Record pertaining to the jaguar critical habitat designation is not contested.

  12. The parties agree that there will be no need for a trial in this case, and therefore there is no need for a pretrial disclosure of witnesses or expert testimony, and no need to lodge a proposed joint pretrial order.

  13. The parties agree that the prospects for settlement of this case are very low, and that a settlement conference at this time would not be productive.

  14. The parties are in agreement that there are no difficult or complex problems that should require this case to be placed on the complex track for case management purposes.

  15. In addition to the case filed on November 27, 2017, challenging the 2017 Record of Decision for the Rosemont Mine project, the Center is aware of one additional

case that is expected to be filed concerning the Rosemont Mine project. That case is anticipated in December, 2017.

Additionally, the Center emphasizes that the multiple Administrative Records in this case will likely be many thousands of pages, and that the Center's Complaint raises a number of factually-detailed claims and arguments. As a result, the parties will be needing to request an exceedance of the Court's page limits in connection with summary judgment briefing. The Center and the Federal Defendants will wait to do so when they have a clearer sense as to how many extra pages will be necessary, and will file any motions to exceed page limits at least two weeks in advance of the applicable briefing deadline. While Rosemont agrees that the page limits should be extended due to the unique nature of this case, Rosemont believes that specific page limits should be established by the Court so that the parties are aware of them in advance of briefing.

Dated December 12, 2017.

Respectfully submitted,

/s/ Marc D. Fink
Marc D. Fink (MN Bar No. 343407
Center for Biological Diversity
209 East 7th Street
Duluth, Minnesota  55805
Phone: 218-464-0539
Email: mfink@biologicaldiversity.org
*Pro Hac Vice*

Allison N. Melton (CO Bar No. 45088)
Center for Biological Diversity
128 Cascadilla St./#3024
Crested Butte, CO  81224
Phone: 970-309-2008
Email: amelton@biologicaldiversity.org
*Pro hac vice*

*Attorneys for Plaintiff*

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

/s/ Andrew A. Smith
ANDREW A. SMITH (NM Bar No. 8341)
Senior Trial Attorney
Natural Resources Section
c/o United States Attorney's Office
201 Third Street, N.W., Suite 900
P.O. Box 607
Albuquerque, New Mexico 87103
Phone: (505) 224-1468
andrew.smith@usdoj.gov

LILA C. JONES (NM Bar No. 148098)
Trial Attorney
Natural Resources Section
601 D Street, NW
Washington, D.C. 20004
Phone: (202) 514-9859
lila.jones@usdoj.gov

*Attorneys for Federal Defendants*