JEFFREY H. WOOD, Acting Assistant Attorney General
Environment & Natural Resources Division
ANDREW A. SMITH, Senior Trial Attorney
LILA C. JONES, Trial Attorney
NICOLE M. SMITH, Trial Attorney
CA Bar Number 303629
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0368
Facsimile: (202) 305-0275
Email: nicole.m.smith@usdoj.gov
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY | ) |
| Plaintiff | ) |
| v. | ) No. 4:17-cv-00475-TUC-JAS |
| | ) No. 4:17-cv-00576-TUC-JAS |
| UNITED STATES FISH AND WILDLIFE SERVICE, *et al.*, | ) |
| Defendants, | ) FEDERAL DEFENDANTS' |
| | ) ANSWER TO ROSEMONT COPPER |
| ROSEMONT COPPER COMPANY, | ) COMPANY'S CROSS-CLAIM |
| Defendant-Intervenor. | ) |
| | ) |
| SAVE THE SCENIC SANTA RITAS, *et al.*, | ) |
| Plaintiffs | ) |
| v. | ) |
| UNITED STATES FISH AND WILDLIFE SERVICE, *et al.*, | ) |
| Defendants, | ) |
| ROSEMONT COPPER COMPANY, | ) |
| Defendant-Intervenor. | ) |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Federal Defendant the United States Fish and Wildlife Service ("FWS"), by and through undersigned counsel, hereby submit their Answer to the allegations contained in Rosemont Copper Company's March 2, 2018 cross-claim (ECF No. 48). The numbered paragraphs of this Answer correspond to the numbered paragraphs in Plaintiffs' Complaint.

1. The allegations contained in Paragraph 1 consist of characterizations of Intervenor's action, to which no response is required. To the extent a response is required, Federal Defendants deny each allegation.

2. The allegations contained in Paragraph 2 consist of characterizations of Intervenor's action, to which no response is required. To the extent a response is required, Federal Defendants deny each allegation.

3. The allegations contained in Paragraph 3 consist of characterizations of Intervenor's action, to which no response is required. To the extent a response is required, Federal Defendants deny each allegation.

4. The allegations contained in Paragraph 4 are conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny each allegation.

5. The allegations contained in the first sentence of Paragraph 5 purport to characterize a letter dated December 27, 2017, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the letter's plain language, context, or meaning. Federal Defendants deny the allegations contained in the second sentence of Paragraph 5 except to admit that sixty days have passed since  December 27, 2017.

6. The allegations contained in the first sentence of Paragraph 6 are conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny each allegation. The allegations contained in the second

sentence of Paragraph 6 purport to characterize the Endangered Species Act ("ESA"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ESA's plain language, context, or meaning.

7.     The allegations contained in Paragraph 7 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the APA's plain language, context, or meaning

8.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph 8 and deny them on that basis.

9.     The allegations contained in Paragraph 9 are conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny each allegation.

10.     The allegations contained in Paragraph 10 are conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny each allegation.

11.     The allegations contained in Paragraph 11 are conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny each allegation.

12.     The allegations contained in Paragraph 12 are conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny each allegation.

13.     The allegations contained in the first sentence of Paragraph 13 consist of characterizations of Plaintiff's action, to which no response is required. To the extent a response is required, Federal Defendants deny each allegation. The allegations contained

in the second sentence of Paragraph 13 are conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny each allegation.

14.     The allegations contained in Paragraph 14 are conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny each allegation.

15.     The allegations contained in Paragraph 15 are conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny each allegation.

16.     Federal Defendants admit the allegations contained in Paragraph 16.

17.     Federal Defendants admit the allegations contained in Paragraph 17.

18.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph 18 and deny them on that basis.

19.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph 19 and deny them on that basis.

20.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph 20 and deny them on that basis.

21.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in sentence one and two of Paragraph 21 and deny them on that basis.  The allegations in the third sentence of Paragraph 21 are conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny each allegation. The allegations contained in the fourth sentence of Paragraph 21 are vague and ambiguous and are thus denied on that basis.

22.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph 22 and deny them on that basis.

23.     Federal Defendants admit the allegations contained in Paragraph 23.

24.     Federal Defendants deny the allegations contained in the first sentence of Paragraph 24 and aver that when FWS designated critical habitat over and around the Project site in 2014, only one consultation had been completed in connection with the Project. Federal Defendants admit the remaining allegations contained in Paragraph 24.

25.     Federal Defendants deny the allegations contained in Paragraph 25.

26.     Federal Defendants deny the allegations contained in Paragraph 26.

27.     The allegations contained in the first sentence of Paragraph 27 consist of characterizations of Plaintiff's action, to which no response is required. To the extent a response is required, Federal Defendants deny each allegation.

28.     The allegations contained in Paragraph 28 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ESA's plain language, context, or meaning.

29.     The allegations contained in Paragraph 29 purport to characterize H.R. Rep. No. 95-1625 and S. Rep. No. 95-874, at 10 (1978) which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language, context, or meaning of these documents.

30.     The allegations contained in Paragraph 30 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ESA's plain language, context, or meaning.

31.     The allegations contained in the second sentence of Paragraph 31 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny any allegation inconsistent with the ESA's plain language, context, or meaning.

32.     The allegations contained in the first sentence of Paragraph 32 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ESA's plain language, context, or meaning. The allegations contained in the second sentence of Paragraph 32 purport to characterize H.R. Rep. No. 95-1625, at 18 (1978) which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language, context, or meaning of this document.

33.     The allegations contained in Paragraph 33 purport to characterize an opinion from the Ninth Circuit Court of Appeals, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the opinion's plain language, context, or meaning.

34.     Federal Defendants deny the allegations contained in Paragraph 34.

35.     The allegations contained in Paragraph 35 purport to characterize FWS's 2014 Final Rule Designating Critical Habitat for Jaguar, 79 Fed. Reg. 12,571 ("Final Critical Habitat Rule"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the rule's plain language, context, or meaning.

36.     The allegations contained in the first sentence of Paragraph 36 purport to characterize FWS's Draft Recovery Outline, dated April 2012, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the document's plain language, context, or meaning. The allegations contained in the second sentence of Paragraph 36 purport to characterize "Carol Hardy Vincent et al., Congressional Research Service, Federal Land Ownership: Overview and Data (2017), which speaks for itself and is the best evidence of its contents.  Federal

Defendants deny any allegation inconsistent with the document's plain language, context, or meaning. The allegations in the third sentence of Paragraph 36 purport to characterize Sanderson et al. (2002), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the document's plain language, context, or meaning.

37.     The allegations contained in the first sentence of Paragraph 37 purport to characterize FWS's Draft Recovery Outline, dated April 2012, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the document's plain language, context, or meaning. The allegations contained in the second sentence of Paragraph 37 purport to characterize Zeller (2007), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the document's plain language, context, or meaning. The allegations contained in the third sentence of Paragraph 37 purport to characterize Rabinowitz and Zeller (2010), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the document's plain language, context, or meaning.

38.     Federal Defendants deny the allegations contained in Paragraph 38.

39.     The allegations contained in the first sentence of Paragraph 39 are vague and ambiguous and are thus denied on that basis.   The remaining allegations contained in Paragraph 39 purport to characterize 37 Fed. Reg. 6,476 (March 30, 1972) and 37 Fed. Reg. 2,589 (Feb. 3, 1972), which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, context, or meaning of these documents.

40.     The allegations contained in Paragraph 40 purport to characterize a notification issued by FWS, 44 Fed. Reg. 43,705 (July 25, 1979), which speaks for itself

and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the document's plain language, context, or meaning.

41.     Federal Defendants deny the allegations contained in Paragraph 41.

42.     The allegations contained in Paragraph 42 purport to characterize a proposed listing rule by FWS, 45 Fed. Reg. 49,844 (July 25, 1980), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the proposed rule's plain language, context, or meaning.

43.     The allegations contained in Paragraph 43 purport to characterize a proposed listing rule by FWS, 47 Fed. Reg. 41,145 (Sept. 17, 1982), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the proposed rule's plain language, context, or meaning.

44.     The allegations contained in the first, third, and fourth sentences of Paragraph 44 purport to characterize a final rule by FWS, 62 Fed. Reg. 39,147-39,157 (July 22, 1997), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the rule's plain language, context, or meaning. Federal Defendants deny the remaining allegations contained in Paragraph 44.

45.     The allegations contained in the first and second sentences of Paragraph 45 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ESA's plain language, context, or meaning. Federal Defendants deny the remaining allegations contained in Paragraph 45.

46.     The allegations contained in the first sentence of Paragraph 46 are vague and ambiguous and are thus denied on that basis. Federal Defendants admit the allegations contained in the second sentence of Paragraph 46.

47.     The allegations contained in Paragraph 47 purport to characterize and quote from a finding by FWS regarding designation of critical habitat for jaguar, 71 Fed. Reg.

39,355 (July 12, 2006), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the finding's plain language, context, or meaning.

48.     Federal Defendants admit the allegations contained in the first sentence of Paragraph 48. The allegations contained in the second sentence of Paragraph 48 purport to characterize and quote from a finding by FWS regarding designation of critical habitat for jaguar, 75 Fed. Reg. 1,741 (Jan. 13, 2010), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the finding's plain language, context, or meaning.

49.     The allegations contained in Paragraph 49 purport to characterize a finding by FWS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the finding's plain language, context, or meaning.

50.     Federal Defendants admit the allegations contained in Paragraph 50 but aver that critical habitat was designated in southern Arizona and southwestern New Mexico.

51.     The allegations contained in Paragraph 51 are vague and ambiguous and are thus denied on that basis.

52.     The allegations contained in Paragraph 52 purport to characterize a proposed rule by FWS, 77 Fed. Reg. 50,214 (Aug. 20, 2012), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the proposed rule's plain language, context, or meaning.

53.     The allegations contained in Paragraph 53 proposed rule by FWS, 77 Fed. Reg. 50,214 (Aug. 20, 2012), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the proposed rule's plain language, context, or meaning.

54.     Federal Defendants admit the allegations contained in sentences one and two of Paragraph 54. The remaining allegations contained in Paragraph 54 purport to characterize a proposed rule by FWS, 77 Fed. Reg. 50,214 (Aug. 20, 2012), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the proposed rule's plain language, context, or meaning.

55.     The allegations contained in Paragraph 55 purport to characterize a proposed rule issued by FWS, 78 Fed. Reg. 39,237 (July 1, 2013), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the proposed rule's plain language, context, or meaning.

56.     The allegations contained in Paragraph 56 purport to characterize a proposed rule issued by FWS, 78 Fed. Reg. 39,237 (July 1, 2013), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the proposed rule's plain language, context, or meaning.

57.     Federal Defendants admit the allegations contained in the first sentence of Paragraph 57. Federal Defendants deny the allegations contained in the second sentence of Paragraph 57.  The remaining allegations contained in Paragraph 57 purport to characterize comments submitted by Intervenor on FWS's proposed critical habitat rule and a study by L. William Seidman Research Institute, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language, context, or meaning of these documents.

58.     The allegations contained in Paragraph 58 purport to characterize comments submitted by Intervenor on FWS's proposed critical habitat rule, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language, context, or meaning of these comments.

59.     The allegations contained in Paragraph 59 purport to characterize the Final Critical Habitat Rule, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny any allegation inconsistent with the rule's plain language, context, or meaning.

60.     The allegations contained in Paragraph 60 purport to characterize the Final Critical Habitat Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the rule's plain language, context, or meaning.

61.     The allegations contained in Paragraph 61 purport to characterize the Final Critical Habitat Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the rule's plain language, context, or meaning.

62.     The allegations contained in Paragraph 62 purport to characterize two federal appellate opinions, which speak for themselves and are the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language, context, or meaning of these opinions.

63.     The allegations contained in Paragraph 63 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ESA's plain language, context, or meaning.

64.     Federal Defendants deny the allegations contained in Paragraph 64.

65.     The allegations contained in Paragraph 65 purport to characterize the Final Critical Habitat Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the rule's plain language, context, or meaning.

66.     The allegations contained in Paragraph 66 are vague and ambiguous and are thus denied on that basis.

67.     The allegations contained in Paragraph 67 are vague and ambiguous and are thus denied on that basis.

68.     The allegations contained in Paragraph 68 are vague and ambiguous and are thus denied on that basis.

69.     The allegations contained in Paragraph 69 are vague and ambiguous and are thus denied on that basis.

70.     The allegations contained in Paragraph 70 are vague and ambiguous and are thus denied on that basis.

71.     The allegations contained in Paragraph 71 are vague and ambiguous and are thus denied on that basis.

72.     The allegations contained in Paragraph 72 are vague and ambiguous and are thus denied on that basis.

73.     The allegations contained in Paragraph 73 purport to characterize an opinion from the Tenth Circuit Court of Appeals, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the opinion's plain language, context, or meaning.

74.     The allegations contained in the first sentence of  Paragraph 74 purport to characterize the Final Critical Habitat Rule, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the rule's plain language, context, or meaning. Federal Defendants admit the remaining allegations contained in Paragraph 74.

75.     Federal Defendants deny the allegations contained in Paragraph 75.

76.     Federal Defendants deny the allegations contained in Paragraph 76.

77.     The allegations contained in Paragraph 77 purport to characterize an opinion from the Ninth Circuit Court of Appeals, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the opinion's plain language, context, or meaning.

78.     The allegations contained in Paragraph 78 purport to characterize Merriam Webster's Collegiate Dictionary 396 (10th ed. 1993), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the document's plain language, context, or meaning.

79.     Federal Defendants deny the allegations contained in Paragraph 79.

80.     Federal Defendants deny the allegations contained in Paragraph 80.

81.     Federal Defendants admit the allegations contained in the first clause of the first sentence of Paragraph 81, but deny the remaining allegations contained in the paragraph.

82.     The allegations in this paragraph purport to characterize regulations implementing the ESA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the regulations' plain language, context, or meaning.

83.     Federal Defendants deny the allegations contained in Paragraph 83.

84.     Federal Defendants deny the allegations contained in the first sentence of Paragraph 84. Federal Defendants admit the remaining allegations contained in Paragraph 84.

85.     The allegations contained in Paragraph 85 purport to characterize the Draft Recovery Outline, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the outline's plain language, context, or meaning.

86.     Federal Defendants deny the allegations contained in Paragraph 86.

87.     The allegations contained in the first sentence of Paragraph 87 purport to characterize the Final Critical Habitat Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the

rule's plain language, context, or meaning. The allegations contained in the second sentence of Paragraph 87 are vague and ambiguous and are thus denied on that basis.

88.     Federal Defendants deny the allegations contained in Paragraph 88.

89.     Federal Defendants deny the allegations contained in Paragraph 89.

90.     Federal Defendants deny the allegations contained in Paragraph 90.

91.     Federal Defendants deny the allegations contained in Paragraph 91.

92.     Federal Defendants deny the allegations contained in Paragraph 92.

93.     Federal Defendants deny the allegations contained in Paragraph 93.

94.     The allegations contained in Paragraph 94 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ESA's plain language, context, or meaning.

95.     The allegations contained in the first sentence of Paragraph 95 purport to characterize Merriam Webster's Collegiate Dictionary 396 (10th ed. 1993), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the document's plain language, context, or meaning. Federal Defendants deny the remaining allegations contained in Paragraph 95.

96.     The allegations contained in Paragraph 96 purport to characterize the Final Critical Habitat Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the rule's plain language, context, or meaning.

97.     The allegations contained in Paragraph 97 purport to characterize the Final Critical Habitat Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the rule's plain language, context, or meaning.

98.     The allegations contained in Paragraph 98 purport to characterize the Final Critical Habitat Rule, which speaks for itself and is the best evidence of its contents.

1  Federal Defendants deny any allegation inconsistent with the rule's plain language,
2  context, or meaning.

3      99.     The allegations contained in Paragraph 99 purport to characterize the Final
4  Critical Habitat Rule, which speaks for itself and is the best evidence of its contents.
5  Federal Defendants deny any allegation inconsistent with the rule's plain language,
6  context, or meaning.

7      100.    The allegations contained in Paragraph 100 purport to characterize the Final
8  Critical Habitat Rule, which speaks for itself and is the best evidence of its contents.
9  Federal Defendants deny any allegation inconsistent with the rule's plain language,
10 context, or meaning.

11     101.    Federal Defendants deny the allegations contained in Paragraph 101.

12     102.    Federal Defendants deny the allegations contained in Paragraph 102.

13     103.    Federal Defendants deny the allegations contained in Paragraph 103.

14     104.    Federal Defendants deny the allegations contained in Paragraph 104.

15     105.    Federal Defendants deny the allegations contained in Paragraph 105.

16     106.    Federal Defendants deny the allegations contained in Paragraph 106.

17     107.    Federal Defendants deny the allegations contained in Paragraph 107.

18     108.    The allegations contained in Paragraph 108 purport to characterize the
19 ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants
20 deny any allegation inconsistent with the ESA's plain language, context, or meaning.

21     109.    Federal Defendants admit the allegations contained in the first sentence of
22 Paragraph 109. Federal Defendants deny the remaining allegations contained in
23 Paragraph 109.

24     110.    Federal Defendants deny the allegations contained in Paragraph 110.

25     111.    Federal Defendants deny the allegations contained in Paragraph 111.

1    The remainder of the Complaint consists of Plaintiffs' Prayer for Relief and

2    requires no response. To the extent that a response is required, Federal Defendants deny

3    that the Plaintiffs are entitled to the relief requested or any relief whatsoever.

### General Denial

5    Federal Defendants deny each and every allegation in the Complaint that

6    has not otherwise been expressly admitted, qualified, or denied.

### Defenses

8    1.    This Court lacks subject matter jurisdiction to hear one or more of

9    Plaintiffs' claims.

10    2.    Plaintiffs have failed to state a claim for which relief can be granted.

11    WHEREFORE, Federal Defendants deny that Plaintiffs are entitled to the relief

12    prayed for, or any relief whatsoever, and request that this action be dismissed with

13    prejudice, that judgment be entered for the Federal Defendants, and that the Court order

14    such other and further relief as the Court may allow.

16    Respectfully submitted this 1 of May, 2018,

18                    JEFFREY H. WOOD,
19                    Acting Assistant Attorney General
                    Environment & Natural Resources Division
                    SETH M. BARSKY, Chief
20                    MEREDITH L. FLAX, Assistant Chief

21                    */s/ Nicole M. Smith*
22                    NICOLE M. SMITH
                    Trial Attorney CA Bar Number 303629
23                    U.S. Department of Justice
                    Environment & Natural Resources Division
24                    Wildlife & Marine Resources Section
                    Ben Franklin Station
25                    P.O. Box 7611
26                    Washington, DC 20044-7611

FEDERAL DEFENDANTS' ANSWER TO ROSEMONT COPPER COMPANY'S CROSS-CLAIM
*Center for Biological Diversity et al., v. USFWS, et al.*, Case No. 4:17-cv-00475-TUC-JAS

16

1

2

Phone: (202) 305-0368
Fax: (202) 305-0275

3

*Attorneys for Defendants*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that, this 1st day of May, 2018, I electronically filed the foregoing

3

documents with the Clerk of the Court via CM/ECF system, which will send notification

4

of such to the attorneys of record.

5

*/s/ Nicole M. Smith*

6

NICOLE M. SMITH

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26