JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

ANDREW A. SMITH (NM Bar 8341)
Senior Trial Attorney
LILA C. JONES (NM Bar 148098)
Trial Attorney
Natural Resources Section
c/o United States Attorney's Office
201 Third Street, N.W., Suite 900
P.O. Box 607
Albuquerque, New Mexico 87103
Phone: (505) 224-1468
andrew.smith@usdoj.gov
lila.jones@usdoj.gov


*Attorneys for Federal Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY**, | ) ) ) No. 4:17-cv-00475-JAS (Lead) |
| | ) No. 4:17-cv-00576-JAS (C) |
| Plaintiff, | ) No. 4:18-cv-00189-JAS (C) |
| | ) |
| v. | ) **FEDERAL DEFENDANTS'** |
| | ) **ANSWER TO PLAINTIFFS'** |
| **U.S. FISH AND WILDLIFE SERVICE**, *et al*., | ) **COMPLAINT (ECF No. 1)** |
| | ) |
| Federal Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| **ROSEMONT COPPER COMPANY**, | ) |
| | ) |
| Defendant-Intervenor | ) |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Federal Defendants United States, the U.S. Forest Service ("Forest Service"), Sonny Perdue in his official capacity as Secretary of the Department of Agriculture, Vicki Christiansen in her official capacity as Interim Chief of the Forest Service, and Kerwin Dewberry in his official capacity as Forest Supervisor, by and through their undersigned counsel, hereby submit their Answer to the allegations contained in Plaintiffs' Complaint (ECF No. 1).  The numbered paragraphs of this Answer correspond to the numbered paragraphs in Plaintiffs' Complaint.

**"INTRODUCTION"**

1.     The allegations in the first sentence of this paragraph constitute Plaintiffs' statement of its case, to which no response is required.  Federal Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and therefore deny them.

2.     Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore deny them.

3.     Federal Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence purport to characterize the Mining Law, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of the Mining Law.  Federal Defendants lack sufficient information to form a belief as to the third sentence of this paragraph because the term "industrial-scale mining" is vague and ambiguous and therefore Federal Defendants deny the allegation.  The allegations in the fourth sentence and first and final clauses of the fifth sentence in this paragraph purport to characterize unspecified documents, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative

Record.  Federal Defendants are without sufficient information to form a belief as to the allegations in the remaining clauses of the fifth sentence and therefore deny them.

4.      The allegations in this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

5.      The allegations in this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

6.      The allegations in this paragraph purport to characterize unspecified documents, and the Mining Law, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents, the Administrative Record, and the Mining Law.

7.      The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph and deny any violation of law.

8.      The allegation in this paragraph constitutes a legal conclusion to which no response is required.  To the extent a response is required, Federal Defendants deny the allegation and deny any violation of law.

## "JURISDICTION AND VENUE"

9.      The allegation in this paragraph constitutes a legal conclusion to which no response is required.  To the extent a response is required, Federal Defendants deny the allegation.

10.     The allegation in this paragraph constitutes a legal conclusion to which no response is required.  To the extent a response is required, Federal Defendants deny the

allegation.

11.     The allegation in this paragraph constitutes a legal conclusion to which no response is required.  To the extent a response is required, Federal Defendants deny the allegation.

12.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

13.     The allegation in this paragraph constitutes a legal conclusion to which no response is required.  To the extent a response is required, Federal Defendants deny the allegation.

14.     The allegation in this paragraph constitutes a legal conclusion to which no response is required.  To the extent a response is required, Federal Defendants deny any violations of law but admit that venue is proper in this district.

## "PLAINTIFFS"

15.     Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore deny them.

16.     Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore deny them.

17.     Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore deny them.

18.     The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

19.     The allegations in the first, second and third sentences of this paragraph purport to characterize various documents and a video, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the

plain language, meaning, or context of those documents and the video.  The allegation in the fourth sentence of this paragraph constitutes a legal conclusion, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegation. Federal Defendants lack sufficient information to form a belief as to the allegations in the footnote to this paragraph, FN 1, and therefore deny them.

20.    Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore deny them.

21.    Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore deny them.

22.    Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore deny them.

23.    The allegations in this paragraph purport to characterize the Final Environmental Impact Statement ("FEIS") and Record of Decision ("ROD"), which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the FEIS and ROD.

24.    The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

25.    Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore deny them.

26.    Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore deny them.

27.    Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore deny them.

28.    The allegations in the first and third sentences of this paragraph purport to characterize unspecified documents, which speak for themselves and are the best

evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of those documents and the Administrative Record. The allegation in the second sentence of this paragraph constitutes a legal conclusion, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegation.

29.     Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore deny them.

**"DEFENDANTS"**

30.     Federal Defendants admit the allegations in this paragraph.

31.     Federal Defendants admit the allegations in this paragraph.

32.     Federal Defendants admit the allegations in this paragraph.

33.     Federal Defendants admit the allegations in this paragraph.

34.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

**"BACKGROUND"**

**"The Historical, Cultural and Religious Significance of the**

**Santa Rita Mountains to the Tribes' Members"**

35.     Federal Defendants lack sufficient information to form a belief as to the allegation in the first sentence of this paragraph because the phrase "imbued with cultural significance" is vague and ambiguous, and therefore Federal Defendants deny the allegation.  Federal Defendants lack sufficient information to form a belief as to the allegation in the second sentence of this paragraph because it purports to characterize an unidentified image and therefore Federal Defendants deny the allegation.

36.     The allegations in this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any

characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

37.    Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore deny them.

38.    Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore deny them.

39.    The allegations in this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

40.    Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore deny them.

41.    Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore deny them.

42.    Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore deny them.

43.    Federal Defendants admit the allegation in the first clause of the first sentence but are without sufficient knowledge or information to form a belief as to the remaining allegations in the first sentence therefore deny them.  Federal Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and therefore deny them.

44.    Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in the first and third sentences of this paragraph and therefore deny them.  Federal Defendants admit the allegation in the second sentence of this paragraph.

45.    The allegations in this paragraph purport to characterize the FEIS, which speaks

FEDERAL DEFENDANTS' ANSWER TO *TOHONO O'ODHAM NATION, ET AL., V. U.S. FOREST SERVICE, ET AL.*, 4:18-CV-00189-TUC-JAS(C), COMPLAINT, ECF NO. 1

7

for itself and is the best evidence of its contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of the FEIS.

46.     The allegations in the first sentence of this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.  The allegations in the second and third sentences of this paragraph purport to characterize the National Historic Preservation Act ("NHPA"), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the NHPA.

47.      Federal Defendants admit the allegation in the first sentence of this paragraph. Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in the second sentence of this paragraph and therefore deny them.

48.     The allegations in this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

## "LEGAL BACKGROUND"

### I.     "The Forest Service's Authority to Regulate Mining Operations"

49.     The allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations. The remaining allegations in this paragraph purport to characterize the Organic Act and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Organic Act and its implementing regulations.

50.     The allegations in this paragraph purport to characterize the Organic Act's implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the regulations.

51.     The allegations in this paragraph purport to characterize the Organic Act's implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the regulations.

52.     The allegations in this paragraph purport to characterize Forest Service regulations and the Mining Law, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Forest Service regulations and the Mining Law.

53.     The allegations in this paragraph purport to characterize the Mining Law, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Mining Law.

54.     The allegations in this paragraph purport to characterize the Mining Law, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Mining Law.

55.     The allegations in this paragraph purport to characterize the Mining Law, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Mining Law.

56.     The allegations in this paragraph purport to characterize the Mining Law, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Mining Law.

57.     The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the

allegations in this paragraph.

58.     The allegations in this paragraph purport to characterize Forest Service regulations and the Mining Law, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Forest Service regulations and the Mining Law.

59.     The allegations in this paragraph purport to characterize the Mining Law, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Mining Law.

60.     The allegations in the first and second sentences of this paragraph purport to characterize the Mining Law, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Mining Law. Federal Defendants admit the allegation in the third sentence of this paragraph.

**II.     "The National Environmental Policy Act"**

61.     The allegations in this paragraph purport to characterize the National Environmental Policy Act ("NEPA") and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of NEPA and its implementing regulations.

62.     The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of NEPA and its implementing regulations.

63.     The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language,

meaning, or context of NEPA and its implementing regulations.

64.    The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of NEPA and its implementing regulations.

65.    The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of NEPA and its implementing regulations.

66.    The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of NEPA and its implementing regulations.

67.    The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of NEPA and its implementing regulations.

68.    The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of NEPA and its implementing regulations.

## III.    "The National Historic Preservation Act"

69.    The allegations in this paragraph purport to characterize the NHPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the NHPA and its implementing regulations.

70.     The allegations in this paragraph purport to characterize the NHPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the NHPA and its implementing regulations.

71.     The allegations in this paragraph purport to characterize the NHPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the NHPA and its implementing regulations.

72.     The allegations in this paragraph purport to characterize the NHPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the NHPA and its implementing regulations.

73.     The allegations in this paragraph purport to characterize the NHPA's implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the regulations.

74.     The allegations in this paragraph purport to characterize NEPA and the NHPA and their implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of NEPA and the NHPA and their implementing regulations.

75.     The allegations in this paragraph purport to characterize the NHPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the NHPA and its implementing regulations.

76.     The allegations in this paragraph purport to characterize the NHPA and its

implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the NHPA and its implementing regulations.

77.     The allegations in this paragraph purport to characterize Executive Order 13175, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Executive Order.

## VI.     "The Administrative Procedure Act"

78.     The allegations in this paragraph purport to characterize the Administrative Procedure Act ("APA") which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the APA.

79.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

80.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

## "FACTUAL BACKGROUND"

## "The Forest Service FEIS and Record of Decision"

81.     Federal Defendants deny the allegation in the first sentence of this paragraph because the allegation is vague and ambiguous and therefore Federal Defendants lack sufficient information to form a belief as to the allegation.  The allegations in the second sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

82.    The allegations in the first sentence of this paragraph purport to characterize the Environmental Impact Statement ("EIS"), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the EIS. The allegations in the second sentence of this paragraph purport to characterize the Draft EIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Draft EIS.

83.    The allegations in the first sentence of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the FEIS.  The allegations in the second sentence of this paragraph purport to characterize objections letters to the FEIS, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plaint language, meaning, or context of the objections.

84.    The allegations in this paragraph purport to characterize the Regional Forester's objection determinations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the determinations.

85.     The allegations in this paragraph purport to characterize the FEIS and ROD, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the FEIS and ROD.

86.    The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the ROD.

87.    The allegations in this paragraph purport to characterize the FEIS, which speaks

for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the FEIS.

88.     The allegations in this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

89.     The allegations in this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

90.     The allegations in this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

91.     The allegations in this paragraph purport to characterize the ROD and a recommendation from the U.S. Army Corps of Engineers dated July 25, 2016, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the ROD and the U.S. Army Corps of Engineers July 25, 2016 recommendation.

**"The Forest Service's Adoption of the Barrel Alternative and its Destructive Impacts on the Area's Unique Natural Cultural Characteristics."**

92.     The allegations in first, second, and third sentences of this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the ROD. Federal Defendants lack sufficient information to form a belief as to the allegations and unidentified picture in the fourth sentence of this paragraph and

therefore deny the allegations.

93.     The allegations in this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

94.     The allegations in the first and third sentences of this paragraph purport to characterize unspecified documents, which are the best evidence of their contents. Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.  Federal Defendants lack sufficient information to form a belief as to the allegations in the second and fourth sentences of this paragraph and therefore deny them.

95.     Federal Defendants lack sufficient information to form a belief as to the allegations in the first and third sentences of this paragraph and therefore deny them. The remaining allegations in this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

96.     Federal Defendants lack sufficient information to form a belief as to the allegations in the first, second, and fifth sentences of this paragraph and therefore deny them.  The allegations in the fourth and third sentences of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the FEIS.

97.     The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the FEIS.

98.     The allegations in this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

99.     The allegations in this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

100.    The allegations in this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

101.    The allegations in this paragraph purport to characterize an unspecified "EIS," which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of that EIS.

102.    The allegations in the first and second sentences of this paragraph purport to characterize unspecified documents, which are the best evidence of their contents. Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.  Federal Defendants admit the allegation in the first clause of the third sentence that segments of Davidson Canyon and Cienega Creek are designated Outstanding Arizona Waters.  The remaining allegations in the second clause of the third sentence and the allegation in the fourth sentence constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the remaining allegations.

**"The Forest Service's Fatally Flawed Rationale for its Decision"**

103.    The allegations in the first and second sentence of this paragraph purport to

characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the ROD.  The allegations in the third sentence constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

104.   The allegations in this paragraph purport to characterize unspecified "evidence" in the Administrative Record, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the documents contained in the Administrative Record.

105.   The allegations in this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

106.   The allegations in this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

**"The Forest Service's Fatally Flawed Consultation with the Tribes under the NHPA"**

107.   Federal Defendants admit the allegation in this paragraph.

108.   Federal Defendants admit the allegation in the first clause of the first sentence, that the Forest Service met with the Tribes on multiple occasions.  The remaining allegations in this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

FEDERAL DEFENDANTS' ANSWER TO *TOHONO O'ODHAM NATION, ET AL., V. U.S. FOREST SERVICE, ET AL.*, 4:18-CV-00189-TUC-JAS(C), COMPLAINT, ECF NO. 1

18

109.     The allegations in this paragraph purport to characterize unspecified documents, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

110.     The allegations in this paragraph purport to characterize unspecified documents, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

111.     The allegations in the first, second, and third sentences in this paragraph purport to characterize a Memorandum of Agreement and two Historic Properties Treatment Plans, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of those documents.  Federal Defendants deny the allegation in the fourth sentence and aver that consultation is ongoing.

**"FIRST CLAIM FOR RELIEF"**

"(Violation of Organic Act and APA)"

112.     Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

113.     The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

114.     The allegations in the first sentence of this paragraph purport to characterize the Mining Law, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Mining Law. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required,

Federal Defendants deny the allegations.

115.   The allegations in this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

116.   The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the FEIS.

117.   The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

118.   The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

### "SECOND CLAIM FOR RELIEF"

"(NEPA and APA Violations: Failure to Analyze a Reasonable Range of Alternatives, including the No-Action Alternative)"

119.   Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

120.   The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of NEPA and its regulations.

121.   The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

FEDERAL DEFENDANTS' ANSWER TO *TOHONO O'ODHAM NATION, ET AL., V. U.S. FOREST SERVICE, ET AL.*, 4:18-CV-00189-TUC-JAS(C), COMPLAINT, ECF NO. 1

20

122.    The allegations in this paragraph purport to characterize unspecified documents, which are the best evidence of their contents.  Federal Defendants deny any characterization inconsistent with the plain language, meaning, or context of those documents and the Administrative Record.

123.    The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

124.    The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

**"THIRD CLAIM FOR RELIEF"**

"(NEPA and APA Violations: Failure to Determine

Compliance with Other Environmental Laws)"

125.    Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

126.    The allegations in this paragraph purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the regulations.

127.    The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

128.    The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

**"FOURTH CLAIM FOR RELIEF"**

"(NEPA and APA Violations: Failure to Take a Hard Look)"

129.   Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

130.   The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of NEPA and its implementing regulations.

131.   The allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.  The remaining allegations purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the FEIS.

132.   The allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.  The remaining allegations purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the FEIS.

133.   The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

## "FIFTH CLAIM FOR RELIEF"

"(NEPA and APA Violations: Failure to Analyze Cumulative Impacts)"

134.   Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

135.    The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of NEPA and its regulations.

136.    The allegation in the first sentence of this paragraph constitutes a legal conclusion, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegation and deny any violation of law.  The remaining allegations purport to characterize the FEIS and unspecified documents, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the FEIS, the unspecified documents and the Administrative Record.

137.    The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

**"SIXTH CLAIM FOR RELIEF"**

"(NHPA and APA Violations: Inadequate Consultation)"

138.    Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

139.    The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

140.    The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

## RESPONSE TO "PRAYER FOR RELIEF"

The allegations set forth in paragraphs 1 through 5 under the heading "PRAYER FOR RELIEF" constitute Plaintiffs' characterization of their requested relief, to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief sought or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

The United States asserts the following defenses to the claims made in Plaintiffs' Complaint:

1.   The Complaint fails to state a claim upon which relief can be granted.

2.   The Court lacks jurisdiction over some or all of Plaintiffs' claims.

3.   Plaintiffs lack standing as to some or all of their claims.

4.   Some of Plaintiffs' claims are not ripe for review.

5.   Federal Defendants reserve their right to assert additional affirmative defenses during the course of this litigation.

WHEREFORE, the United States requests that the Court dismiss the Complaint in its entirety, render judgment for the Federal Defendants and against Plaintiffs, and grant Federal Defendants any further relief that the nature of the case and justice require.

Respectfully submitted this 22 day of June, 2018.

JEFFREY H. WOOD
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

 /s/  *Lila C. Jones*
Lila C. Jones (NM Bar 148098)

Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
PO Box 7611
Washington, DC  20044-7611
Phone: (202) 514-9859
Fax: (202) 305-0506
lila.jones@usdoj.gov

ANDREW A. SMITH (NM Bar 8341)
Senior Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
c/o United States Attorney's Office
201 Third Street, N.W., Suite 900
P.O. Box 607
Albuquerque, New Mexico 87103
Phone: (505) 224 1468
andrew.smith@usdoj.gov

SIMI BHAT
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
301 Howard St. Ste. 1050
Phone: (415) 744-6473
simi.bhat@usdoj.gov


*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of June, 2018, I filed the foregoing document electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ *Lila C. Jones*
Lila C. Jones
U.S. Department of Justice