JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice
ANDREW A. SMITH, Senior Trial Attorney
NICOLE M. SMITH, Trial Attorney
CA Bar Number 303629
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0368
Facsimile: (202) 305-0275
Email: nicole.m.smith@usdoj.gov

*Attorneys for Federal Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Center for Biological Diversity,  )<br>  )<br>         Plaintiff,  )<br>  )<br>v.  )<br>  )<br>U.S. Fish and Wildlife Service, et al.,  )<br>  )<br>         Federal Defendants,  )<br>  )<br>Rosemont Copper Co.,  )<br>  )<br>         Intervenor-Defendant.  )<br>  ) | No. 4:17-cv-00475-TUC-JAS (Lead)<br>No. 4:17-cv-00576-TUC-JAS (C)<br>No. 4:18-cv-00189-TUC-JAS (C)<br><br>**FEDERAL DEFENDANTS'**<br>**MOTION TO STAY** |

**MOTION TO STAY**

Federal Defendants, United States Fish and Wildlife Service ("FWS") and United States Forest Service ("Forest Service"), hereby move this Court to stay a ruling on the pending cross-motions for summary judgment in CV 17-475-TUC-JAS until the time for any party to appeal the Court's July 31, 2019 order (ECF 248) has expired or, if a timely appeal is filed, until such appeal is resolved.[1] [2] Staying a ruling in this case serves judicial and party economy and is well within the Court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (district court has broad discretion to stay proceedings as an incident to its power to control its own docket). For these reasons, as further supported by the following Memorandum of Points and Authorities, the Court should grant a stay.

**INTRODUCTION**

Pending before the Court are the Parties' cross-motions for summary judgment on Plaintiff's claims against FWS and the Forest Service alleging that the agencies violated the Endangered Species Act ("ESA") in consulting on the potential impacts of the Rosemont Project on threatened and endangered species and designated critical habitat. Also pending are the Parties' cross-motions for summary judgment on Rosemont's cross-claim challenging FWS's designation of critical habitat for jaguar in portions of the Santa Rita Mountains. The Court consolidated the present case, CV 17-475-TUC-JAS ("Case 1") with two other lawsuits challenging the Forest Service's approval of the Rosemont Project – CV 17-576-TUC-JAS ("Case 2") and CV 18-189-TUC-JAS ("Case 3"). *See* ECF 86. The Court consolidated these three cases because much of the administrative record in these cases, as well as many legal and factual issues, overlap. ECF 248 at 5.

---

[1] The United States has not yet determined whether to appeal the Court's July 31, 2019 Order.

[2] Counsel for Federal Defendants conferred with counsel for Plaintiff and Intervenor-Defendant Rosemont regarding this motion. Counsel for both parties indicated that they would oppose this motion.

On July 31, 2019, the Court issued an order ("Order") granting summary judgment in favor of Plaintiffs in Cases 2 and 3, and vacated and remanded the Forest Service's Final Environmental Impact Statement ("FEIS") and Record of Decision ("ROD") for the Project. ECF 248 at 36. The Court determined that it need not rule on the myriad of other legal issues presented in Cases 2 and 3. The Court noted that on a later date it would issue a separate Order as to Case 1. ECF 248 at 37 n.16.

The Court should stay its ruling on the cross-motions for summary judgment in Case 1 until the time to appeal the Court's Order has expired or, if a timely appeal is filed, until such appeal is resolved. In light of the Court's Order, the Rosemont Project will not proceed as currently approved in the ROD. The ROD for the Project has been vacated and remanded, and the Project thus cannot be implemented. As a result, the Forest Service has no need or ability to rely on the ESA consultation and Biological Opinion ("BiOp") for the Project, on which Plaintiff's Claims in Case 1 are based. If Rosemont is able to propose a new Project consistent with this Court's Order, the new Project would be subject to a new ESA consultation. That consultation would result in a new BiOp which would replace the 2016 BiOp at issue here. Because the Rosemont Project as approved in the ROD will not proceed at this time, there is no need for the Court to resolve the ESA claims at this time, just as the Court has already declined to resolve the numerous remaining claims in Cases 2 and 3. For this reason, judicial action is not warranted and the interests of justice would be served by staying a ruling on the cross-motions for summary judgment in Case 1.

## LEGAL STANDARD

This Court has broad discretion to manage its docket, which includes the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 54 -55. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent

proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (citations omitted).

Three factors guide this Court's determination of whether a stay should be granted: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see also*, *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1110 (9th Cir. 2005).

## ARGUMENT

Because the Court's July 31, 2019 Order prevents the Rosemont Project from proceeding in its present form, and consistent with the Court's determination in Cases 2 and 3 not to resolve claims that were not necessary to the outcome of the cases, the Court should stay any ruling on Plaintiff's ESA claims in Case 1. The Court found a single issue dispositive in Cases 2 and 3 – that the Forest Service had misapprehended the scope of its authority to review and deny the Rosemont Project. ECF 248 at 32-36. The Court declined to reach Plaintiffs' myriad other claims in Cases 2 and 3 because it determined that the Forest Service's erroneous view of the scope of its authority infected the agency's decision-making process from the outset, such as in misinforming the public in the National Environmental Policy Act ("NEPA") process that the Forest Service could not select the "no action" alternative because it could not outright deny Rosemont's Project under the mining law. *Id.* at 34-35. The Court also held that, given the magnitude of errors in the agency's decision, "allowing the Rosemont Mine to proceed on remand is unwarranted." ECF 248 at 37 n.17.

4

A stay of any ruling on the cross-motions for summary judgment in Case 1 would serve judicial economy. As a result of the Court's Order, the underlying agency action that forms the basis of Plaintiff's ESA claims cannot proceed. ECF 248 at 37, n.17. Likewise, the ROD authorizing the Project has been vacated. ECF 248 at 36. Indeed, for these reasons the Court denied Plaintiffs' motions seeking a preliminary injunction: because the Rosemont Project could not proceed, there were no "exigent circumstances necessitating emergency injunctive relief." *Id.* at 37.

The Court need not resolve the ESA claims now and may never need to resolve them. As long as the Court's Order remains operative, the Rosemont Project simply cannot proceed as currently described in the vacated FEIS and ROD. Because the agency action described in the FEIS formed the basis of the agencies' consultation under Section 7 of the ESA, the Forest Service cannot rely on the 2016 BiOp to fulfill its ESA obligations. Only if the Court's Order is reversed on appeal might the Project move forward as described in the underlying ESA consultation. Unless that happens, the 2016 BiOp is of no consequence or import. Even if Rosemont were able to formulate a new Project consistent with this Court's Order and the Forest Service were able to issue a new ROD for the new Project, that new Project would be subject to a new ESA consultation. The BiOp which would result from that new consultation would then supersede and moot issues related to the 2016 BiOp. *See, e.g.*, *All. for the Wild Rockies v. Savage*, 897 F.3d 1025, 1031-32 (9th Cir. 2018); *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1124 (9th Cir. 1997). Here, considerations of prudential mootness and judicial economy counsel in favor of the Court deferring consideration of the ESA claims in Case 1 until any appeal of the Court's Order has been resolved or until the time period to seek appeal has lapsed.

It is within this Court's discretion to stay this case to allow resolution of separate proceedings "which bear upon the case" even if the issues in such proceedings are not "controlling of the action before the court." *Certified Grocers*, 593 F.2d at 863-64

1  (citations omitted). Moreover, case law suggests that courts exercise judicial restraint and
2  decline to reach issues that are not "necessary." *See, e.g., Wheeler v. Barrera*, 417 U.S.
3  402, 420 (1974); *PDK Labs. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J.,
4  concurring in part and concurring in judgment); *see, also, Ctr. for Biological Diversity v.
5  Jewell*, No. CV-15-00019-TUC-JGZ, 2018 WL 1586651, at *23 (D. Ariz. Mar. 31, 2018)
6  (declining to reach CBD's challenges to an underlying Biological Opinion when the court
7  found other issues dispositive).

8        The Court has already exercised such discretion here by declining to rule on the
9  vast majority of the legal claims raised during summary judgment briefing in Cases 2 and
10 3, instead resolving those cases on the dispositive mining authority and discretion issue.
11 ECF 248 at 7, 37 n.16.  Resolution of that issue and the attendant vacatur of the FEIS and
12 ROD similarly makes resolution of the ESA claims in Case 1 unnecessary. Consistent
13 with its decision declining to reach the many other claims in Cases 2 and 3, the Court
14 should exercise the same discretion in Case 1 to conserve judicial resources and to avoid
15 the possibility of the issuance of an advisory opinion.

16       Should an appeal of the Court's Order result in reversal, the Court may ultimately
17 need to revisit the legal claims left undecided in Cases 2 and 3. As a practical matter, it
18 makes sense to consider the ESA issues in Case 1 at the same time as the Court revisits
19 any remaining issues in Cases 2 and 3 if that occurs. However, as described above, if the
20 Parties do not appeal the Court's Order, or if any appeals prove to be unsuccessful, the
21 ROD will remain vacated and this Court's Order would dictate the possible size and
22 scope of any new, reconfigured Rosemont Project, if any.  Under this scenario, the
23 agencies would most likely need to conduct a new consultation and produce a new BiOp.
24 As a result, any ruling now on the 2016 BiOp may prove to be advisory. Thus, staying
25 consideration of the ESA claims in Case 1 would not only serve judicial economy by
26 ultimately limiting or simplifying the issues for the Court to consider, but it would also
27 avoid the harm of issuing an advisory opinion. *Thomas v. Anchorage Equal Rights*
28

6

*Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (federal courts do not issue advisory opinions); *Seaboard Sur. Co. v. Grupo Mexico, S.A. de C.V.*, No. CV-06-0134-PHX-SMM, 2008 WL 11339626, at *4 (D. Ariz. Sept. 30, 2008).

Plaintiffs cannot maintain that a stay would harm their interests. *See Pub. Emps. For Envtl. Responsibility v. U.S. Dep't of Navy*, No. C08-5552-BHS, 2009 WL 2163215, at *10-12 (W.D. Wash. July 17, 2009) (no harm where the district court stayed a case pending additional NEPA review and renewed ESA consultation). For instance, the relief granted in Cases 2 and 3, vacating the FEIS and ROD and halting the Rosemont Project, provides the relief requested by Plaintiffs in Case 1. *See* ECF 1 at 31. Without impending agency action, it is not clear what further relief the Court could provide as declaratory relief alone is not warranted here. Declaratory relief is justified only "when the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties." *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 715 (9th Cir. 2011) (citations omitted). Yet here the "challenged government activity" is contingent on the Rosemont Project. Thus, once the Court's Order vacated the FEIS and ROD for the Rosemont Project, there was no longer any harm to redress as the basis for Plaintiffs' claims in Case 1.

**CONCLUSION**

In short, any ruling on the cross-motions for summary judgment should be stayed until the time for any party to appeal the Court's July 31, 2019 order has expired or, if a timely appeal is filed, until such appeal is resolved.

Respectfully submitted this 9th day of August, 2019,

JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice

7

Environment and Natural Resources Division

*/s/ Nicole M. Smith*
NICOLE M. SMITH (CA Bar 303629)
Trial Attorney
Wildlife and Marine Resources Section
601 D. St. NW
Washington, D.C. 20004
Phone: (202) 305-0368
Fax: (202) 305-0275
nicole.m.smith@usdoj.gov

*/s/ Andrew A. Smith*
ANDREW A. SMITH (NM Bar 8341)
Senior Trial Attorney
Natural Resources Section
c/o United States Attorney's Office
201 Third Street, N.W., Suite 900
P.O. Box 607
Albuquerque, New Mexico 87103
Phone: (505) 224-1468
andrew.smith@usdoj.gov

*Attorneys for Federal Defendants*

OF COUNSEL:
Justin S. Tade
Attorney-Adviser
Southwest Regional Solicitor's Office
Santa Fe, NM 87505

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2019, I filed the foregoing with the Court's electronic filing system, which will serve all counsel by electronic means.

*/s/ Nicole M. Smith*
Nicole M. Smith
U.S. Department of Justice