**Center for Biological Diversity v. U.S. Fish and Wildlife Service, et al.,**

**No. 4:17-cv-00475-TUC-JAS (Lead)**
**No. 4:17-cv-00576-TUC-JAS (C)**
**No. 4:18-cv-00189-TUC-JAS (C)**

**EXHIBIT F**
**Declaration of Roger Flynn in Support of Motion for Attorneys' Fees, Costs, and Expenses**

Brendan Cummings (CA Bar No. 193952)
Center for Biological Diversity
1212 Broadway #800
Oakland, CA 94612
Phone: 510-844-7100
Email: bcummings@biologicaldiversity.org

Marc D. Fink (MN Bar No. 343407)
Center for Biological Diversity
209 East 7th Street
Duluth, MN 55805
Phone: 218-464-0539
Email: mfink@biologicaldiversity.org

Allison N. Melton (CO Bar No. 45088)
Center for Biological Diversity
P.O. Box 3024
Crested Butte, CO 81224
Phone: 970-309-2008
Email: amelton@biologicaldiversity.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| Center for Biological Diversity,<br><br>    Plaintiff,<br><br>v.<br><br>United States Fish and Wildlife Service, *et al.*,<br><br>    Defendants,<br><br>and<br><br>Rosemont Copper Company,<br><br>    Defendant-Intervenor. | No. 4: 17-cv-00475-TUC-JAS (Lead)<br>No. 4: 17-cv-00576-TUC-JAS (C)<br>No. 4: 18-cv-00189-TUC-JAS (C)<br><br>DECLARATION OF ROGER FLYNN IN SUPPORT OF PETITION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES |

1

I, Roger Flynn, make this declaration based on my personal knowledge and belief and state:

1. I am an attorney that performed work on behalf of Plaintiff The Center for Biological Diversity (The Center) in this case and submit this declaration in support of The Center's petition for attorneys' fees and expenses in this case. Although I was not listed as an attorney of record in this case, I am lead attorney for Plaintiffs Save the Scenic Santa Ritas, The Center, and other plaintiffs in CV-17-00576-TUC-JAS, which was consolidated with the lead named case that is the subject of The Center's petition for attorneys' fees. *See* Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815, 822-23 (9th Cir. 2009); Invision Media Servs. v. Glen J Lerner, 175 Fed.Appx. 904, 907 (9th Cir. 2006) (stating that there was "no basis for requiring an attorney who actually contributed to the work product of another attorney" to be required to "enter appearances.").

2. I graduated from the University of Colorado Law School in May 1991. I was admitted to the Bar of the State of Colorado in November of 1991. I have been admitted to practice before the U.S. Supreme Court, the U.S. Courts of Appeal for the Ninth and Tenth Circuits and the U.S. Court of Appeals for the District of Columbia, the U.S. Court of Federal Claims, and the U.S. District Court for the District of Colorado.

3. Since graduating from law school, I have exclusively practiced mining, public lands, and environmental law on behalf of the public interest. From 1991 to 1992, I was a staff attorney with the Environmental Defense Fund (a national conservation organization) in Boulder, Colorado. From 1992-1993, I was staff attorney with the Land and Water Fund of the Rockies (a regional environmental law center) in Boulder, Colorado.

4. In 1993, I founded the Western Mining Action Project (WMAP), also a non-profit organization, to represent public interests on hardrock mining issues in the Western U.S.

I have been WMAP's President/Executive Director and Managing Attorney from its inception. The Western Mining Action Project is the only group of attorneys on behalf of the public interest that specializes in hardrock mining in the United States. Since WMAP's inception in 1993, I have represented conservation organizations and Native American Tribes in various federal and state court lawsuits and administrative hearings and proceedings dealing with hardrock mining in the West. This includes individual mine-site litigation to broader regulatory challenges. I have also testified on two occasions at hearings before the U.S. Senate in Washington, D.C.

5.  I have been lead or co-counsel in cases dealing with hardrock mining and related public land and environmental laws and regulations such as the 1872 Mining Law, the Endangered Species Act, the Clean Water Act, the Clean Air Act, the National Environmental Policy Act, the National Forest Management Act, the Forest Service Organic Act of 1897, the Federal Land Policy and Management Act, various state environmental laws and regulations, and the U.S. Constitutional aspects of these laws, among others.

6.  I have been lead counsel in the following cases, which resulted in a complete or partial favorable decision for my clients: Center for Biological Diversity v. U.S. Fish and Wildlife Service, 409 F.Supp.3d 738 (D. Ariz. 2019)(CV-17-00576-TUC-JAS); Save Our Cabinets v. U.S. Dept. of Agriculture, 254 F.Supp.3d 1241 (D. Mont. 2017); Great Basin Resource Watch v. U.S. B.L.M., 844 F.3d 1095 (9th Cir. 2016); Karuk Tribe of California v. U.S. Forest Service, 681 F.3d 1006 (9th Cir. 2012)(En Banc); Te-Moak Tribe of Western Shoshone v. U.S. Dept. of Interior, 608 F.3d 592 (9th Cir. 2010); South Fork Band Council v. U.S. Dept. of Interior, 588 F.3d 718 (9th Cir. 2009); Friends of Pinto Creek v. U.S. E.P.A., 504 F.3d 1007 (9th Cir. 2007); Great Basin Mine Watch v. Hankins, 456 F.3d 955 (9th Cir. 2006); Gifford Pinchot Task Force v. Perez, 2014 WL

3019165 (D. Or. 2014); Rock Creek Alliance v. Forest Service, 703 F.Supp.2d 1152 (D. Montana 2010); Mineral Policy Center v. Norton, 292 F.Supp.2d 30 (D.D.C. 2003); Ayers v. Espy, 873 F.Supp. 455 (D. Colo. 1994).

7.  I have also been co-counsel in the following cases which resulted in a complete or partial favorable decision for my clients: Bohmker v. Oregon, 903 F.3d 1029 (9th Cir. 2018); Idaho Conservation League v. U.S. Forest Service, 2016 WL 3814021 (D. Idaho 2016); Idaho Conservation League v. Lannom, 2016 WL 4099060 (D. Idaho 2016); Defenders of Wildlife v. U.S. Forest Service, 14-cv-02446 (D. Ariz. Sept. 15, 2015); Idaho Conservation League v. U.S. Forest Serv., 2012 WL 3758161 (D. Idaho 2012); Center for Biological Diversity v. Stahn, 2008 WL 1701374 (D. Ariz. 2008); Hells Canyon Preservation Council v. Haines, 2006 WL 2252554 (D. Or. 2006).

8.  Since 2002, I have developed and taught, each year, an upper-level course in Mining and Mineral Development Law as an Adjunct Professor at the University of Colorado School of Law in Boulder, Colorado. In 2008, 2009, 2012, 2013, 2015, 2017, and 2018, I also taught an additional course at the same law school, Foundations of American Natural Resource Law, an upper-level course covering the historical and legal development of U.S. public land and environmental law. From 2004 to 2010, I was an Adjunct Professor at the University of Wyoming College of Law in Laramie, Wyoming, teaching the Mining Law course I had developed at the University of Colorado Law School.

9.  I have published a number of articles in law journals dealing with environmental law, hardrock mining and related public land and natural resources laws, including:

> *"New Life for Impaired Waters: Realizing the Goal to 'Restore' the Nation's Waters Under the Clean Water Act,"* 10 Wyoming Law Review 35 (2010);
>
> *"General Mining Law of 1872: Claimholder Rights, Federal Authority,*

4

*Conflicts with Other Laws, and Proposals for Reform*," <u>Rocky Mountain Mineral Law Foundation</u>, Mining Law Short Course (2009, 2010, 2014);

*"Daybreak on the Land: The Coming of Age of the Federal Land Policy and Management Act of 1976,"* 29 <u>Vermont Law Review</u>, 815 (2005);

*"The Right to Say No: Federal Authority Over Hardrock Mining on Public Lands,"* 16 <u>Journal of Environmental Law and Litigation</u>, 249 (2001) (with Jeffrey C. Parsons);

*"Ensuring Long-Term Protection of Water Quality at Colorado Mine Sites,"* 30 <u>Colorado Lawyer</u>, 83 (June 2001) (with Jeffrey C. Parsons);

*"The 1872 Mining Law as an Impediment to Mineral Development on the Public Lands: A 19th Century Law Meets the Realities of Modern Mining,"* 34 <u>Land and Water Law Review</u>, 301 (1999).

I have also been a featured speaker at numerous legal conferences over the years, including those presented by: Tulane University Law School, University of Colorado School of Law, University of Oregon School of Law, and the Rocky Mountain Mineral Law Foundation.

10. Throughout this case, I have worked closely with Marc Fink, Allison Melton, and Brendan Cummings, attorneys of record for The Center. These attorneys requested my assistance in reviewing and editing briefs, motions, and other pleadings which were necessary for the successful resolution of this case for The Center.

11. I agreed to represent The Center on a *pro bono* basis in this case. By agreement with The Center, I would receive no payment unless there was a fee award or settlement.

12. I keep contemporaneous time records in this case. I record on a daily basis the time I spent on this case and the nature of services and work performed. I record my time

in 15-minute increments.  In an effort to be conservative in our billing, I round down to the lesser quarter hour (e.g., 10 minutes of work is not charged at all; 25 minutes of work is counted as 15 minutes).

13.     Although The Center is seeking an award for work necessarily expended on this case, the Center also seeks an award for work necessarily expended in the preparation of its attorneys' fees Petition.  My time log for hours expended in this case, up to April 29, 2020, is attached.

14.     Although I am lead attorney for Plaintiffs in the consolidated case, CV-17-00576-TUC-JAS, the hours included in my attached time log were done exclusively for the lead case, dealing with the Endangered Species Act, with no overlap with the other case.  In the event that Plaintiffs are successful in that case (currently on appeal to the Ninth Circuit Court of Appeals) and submit a petition for attorneys' fees in that case, I will not include any of the hours expended on this case in any subsequent fees petition dealing with the other case.

15.     I practice conservative billing in this case.  For example, I did not charge for any time associated with clerical tasks.  WMAP does not have any clerical staff, so all of this type of work was performed by myself.  My time log also includes the necessary time to prepare The Center's Fee Petition (up to April 29, 2020).

16.     Thus, the 21 hours of requested compensable time reflect, in my professional judgment, a conservative accounting of the amount of time reasonably necessary to litigate this case.  I have exercised conservative billing judgment as noted above, and as well in excluding redundant or unnecessary time.

17.     I and the other attorneys for The Center have researched caselaw regarding fees for federal litigation in Tucson, and discussed this case with experienced attorneys that practice federal court litigation in Tucson, which has shown that the prevailing market

rate in Tucson for attorneys of my level of expertise and knowledge, as a special practitioner in natural resource and environmental law, during 2017-19, would be $450/hr.  Thus, my requested hourly rate of $450/hr. is reasonable.

18.  As shown in the attached time log, I reasonably and conservatively expended 21.00 hours in this case.

19.  Using the lodestar calculation of the hours expended multiplied by the hourly rate, the total fee requested for my work is $9,450.00.  This includes time expended up to April 29, 2020.  The Center reserves the right to seek additional fees for time spent after that date.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 29th day of April, 2020 at Lyons, Colorado.

*/s/ Roger Flynn*
Roger Flynn

**Center for Biological Diversity v. U.S. Fish and Wildlife Service, et al.,**

**No. 4:17-cv-00475-TUC-JAS (Lead)**
**No. 4:17-cv-00576-TUC-JAS (C)**
**No. 4:18-cv-00189-TUC-JAS (C)**

**EXHIBIT F1**
**Timesheet of Roger Flynn in Support of Motion for Attorneys' Fees, Costs, and Expenses**

TIME LOG FOR **ROGER FLYNN**

Center for Biological Diversity v. U.S. Fish and Wildlife Service
cv-17-00475-TUC-JAS (Lead)(D. Arizona)

| Date | Activity | Hours | Rate |
|---|---|---|---|
| 9/29/2017 | Review Complaint in CBD v. FWS | 0.5 | $450/hr. |
| 10/6/2017 | Review 2016 BiOp | 1.25 | |
| 10/6/2017 | Review 2016 BiOp | 0.75 | |
| 11/6/2017 | Review CBD new 60 day notice letter | 0.5 | |
| 12/6/2017 | Call w/ Fink/CBD, re: scheduling in ESA case | 0.25 | |
| 7/19/2018 | Review CBD draft Summ judgment memo | 1.25 | |
| 7/19/2018 | Review CBD draft Statement of Facts | 0.75 | |
| 7/24/2018 | Review CBD revised opening SJ memo | 0.75 | |
| 8/15/2018 | Review CBD revised opening SJ memo | 0.75 | |
| 8/24/2018 | Review CBD final opening SJ memo | 0.75 | |
| 10/18/2018 | Review CBD response SOF | 0.5 | |
| 10/25/2018 | Review DOJ response to SOF | 0.5 | |
| 10/25/2018 | Review Rosemont SJ memo | 0.75 | |
| 10/25/2018 | Review DOJ SJ memo | 0.5 | |
| 10/25/2018 | Review DOJ SJ memo | 0.25 | |
| 10/25/2018 | Review DOJ/Rosemont Joint SOF | 1 | |
| 10/25/2018 | Review DOJ/Rosemont Joint response to CBD SOF | 0.5 | |
| 11/9/2018 | Review joint SOF response + CBD's draft SOF response | 1.25 | |
| 11/9/2018 | Call w/ Melton/CBD re: Edits to CBD SOF response | 1.25 | |
| 11/11/2018 | Review/edit CBD response brief | 1 | |
| 11/16/2018 | Review Rosemont SOF response | 0.5 | |
| 11/16/2018 | Review CBD response/reply brief | 0.25 | |
| 11/16/2018 | Review CBD response SOF | 0.5 | |
| 11/16/2018 | Review Rosemont response/reply brief | 0.5 | |
| 2/10/2020 | Review Court decision + call w/ CBD | 1 | |
| 4/15/2020 | Review time entries and prepare time log | 0.75 | |
| 4/17/2020 | Prepare Declaration for fees | 0.75 | |
| 4/18/2020 | Review draft fees lettter to DOJ, research fees for partial win | 0.75 | |
| 4/20/2020 | Review letter to DOJ and attachments | 0.25 | |
| 4/28/2020 | Review draft fees motion & stip., call w/ Melton on same | 0.25 | |
| 4/29/2020 | Finalize/revise fees Declaration and time log | 0.5 | |
| | | 21 | $450 |
| | | **9,450.00** | |